GROGAN *v.* THE WESTERN HILLS BUILDING, SAVINGS & LOAN CO. ET AL.

*Real property—Easement for ingress and egress until street opened—Facts to sustain finding that street opened—Injunction denied.*

The issue in an injunction proceeding being whether the street in front of plaintiff's premises has been opened, within the meaning of a deed reserving an easement over defendant's land until "Purcell Avenue is opened in front of the [plaintiff's] house," a finding of fact that the street is opened is justified by the evidence of plaintiff that several years previous the city acquired the necessary property, and opened and surfaced the street, but that no repairs had been made since; that the road was about twenty-two feet wide with about a four-foot walk for pedestrians; that the surface of the street was drained; that vehicles traveled the road; and that plaintiff had hauled his coal over the street.

(Decided July 2, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Williams & Ragland; Mr. Horace A. Reeves* and *Messrs. Murphy & Conway,* for plaintiff in error.

*Messrs. Lorbach & Garver* and *Messrs. Kelley & Remke,* for defendants in error.

BUCHWALTER, J. This action was originally brought by James J. Grogan, as plaintiff, against the Western Hills Building, Savings & Loan Company.

Easements, 19 C. J. § 198.

The petition sets forth that the plaintiff is the owner of certain premises by deed from the heirs of Anna M. Johnson, bearing date September 17, 1901. Included in the deed were certain easements, giving plaintiff the right of access to his real estate over adjoining lands owned by plaintiff's grantors. The deed also granted the right to use pipes for carrying water and gas through adjoining premises, and the use of the driveway and footpath from Warsaw avenue through and across said adjoining premises of plaintiff's grantors. The defendant company became the owner of the premises adjoining plaintiff's property by grant from Anna M. Johnson's heirs on or about September 26, 1921. It is alleged that the company tore up and blocked the footpath and driveway across the property acquired by it, and threatens to cut off the use of the gas and water pipes laid through said premises to Warsaw avenue.

Plaintiff further claims that by virtue of a contract, which is unrecorded, and his deed, he is entitled to the use of such easements until such time as Purcell avenue is opened and made in front of his premises.

The defendant company admits that it has excavated upon the premises and denies the other allegations of plaintiff's petition.

The other defendants, to-wit, the Johnson heirs, were made parties defendant, with leave to answer, and filed a joint amended answer, in which they set up certain ordinances of the city of Cincinnati, relating to the dedication of Purcell avenue for street purposes, and certain deeds executed to the city of Cincinnati granting property necessary for

the widening of Purcell avenue, and averring that upon the passage of a certain ordinance all easements granted to the plaintiff ceased and determined.

To this a reply was filed admitting one ordinance, but denying all other matters.

The petition sought three forms of relief.

First: An injunction to restrain the defendant, the Western Hills Building, Savings & Loan Company, from further interference with any of the pipes or drains laid through its said premises connecting with Warsaw avenue.

Second: A mandatory injunction requiring the defendant to restore the gravel walk and roadway to its former condition.

Third: Money damages for injuries done.

The original contract provided that the plaintiff was to have the use of the gas and water pipes in the ground as they then were "until Purcell avenue is opened in front of said house, as now contemplated, or may be agreed upon, and when Purcell avenue is opened and made then this right of way across Johnson's grounds ceases."

The deed executed as a result of this contract contained a reservation for the use of the road, walk and pipes, and set forth the right of access over grantors' property, the right to keep a thirty-foot strip open, and the use of said pipes for water and gas, which reservation "is to cease and determine when Purcell avenue is opened in front of the house on the premises hereby conveyed."

The question is: "What was meant by the phrase, when Purcell avenue is opened in front of the house"?

The trial court, to whom the evidence was submitted, found that it was the intent of the parties that when the right of way was opened up in front of plaintiff's premises the easements should cease and terminate.

At the time the deed was given plaintiff had no access to and from his premises save and except through the property of his grantors, and, in his testimony, on page 5, he states that there was "no access to the property bought by me from Warsaw except over the Johnson property."

On page 6, in referring to the property in front of his home, he states that it was "just a meadow and a pasture."

We cannot, from a consideration of the testimony of the plaintiff himself, find that the trial court was in error as to the intent of the parties with reference to the time that the easements should cease and terminate.

It has been contended that as the contract specified until Purcell avenue is opened and made, this showed the intent of the parties. That contract, however, was merged in the deed. *Brumbaugh* v. *Chapman*, 45 Ohio St., 368.

The question whether or not a street has been opened for public travel is a question of fact, and is for the jury to determine. *City of Dayton* v. *Rhotehamel, Admr.*, 90 Ohio St., 175.

In the instant case the cause was submitted to the court on this question, without the intervention of a jury. The amount of damages, if it was found that plaintiff was entitled to damages, was to be left to the jury. The court found as a fact that the street was open.

Plaintiff in describing the condition in front of his place stated that about nine years after he acquired the property "the city acquired the property and opened the Park Road." Asked if that was the present road, he replied in the affirmative, stating that it is substantially the same today except that it is worn and not kept up.

At page 16, when asked what had been done since that time, he stated: Nothing "except the opening of the roadway you saw the other day and the change of the levels on the east side by grading the lot." He admitted there was macadam there, and that a combination coating with tar had been placed thereon seven or eight years ago, but no repairs since.

On page 24 he states there was a macadam foundation of broken stone, and on top of that a tarvia dressing; that the traveled portion of the road was about twenty-two feet in width, with about a four-foot walk for pedestrians.

On page 26: "That there was a surface drain on Purcell avenue between Warsaw and Price, that vehicles traveled over that property from Warsaw to Price back and forth." He was asked: "Vehicles of all sizes and types?" Answer: "Yes, very popular until recently."

He admitted having hauled his coal in over that roadway twice.

From this testimony, this issue having been submitted to the court, it was not error to find as a fact that the roadway was opened.

It has been seriously contended that as the Johnson heirs set up in their answer the various ordinances, particularly an ordinance which dedicated

the road to public use, known as No. 109, and as said Johnson heirs were later dismissed from the cause, that such ordinances were improperly introduced in evidence, because not having been specially pleaded by the defendant, the Western Hills Building, Savings & Loan Company.

The transcript shows that the court on October 10, 1922, having heard the evidence, and after arguments of counsel, granted the motion dismissing the petition, and that the jury were discharged from any further consideration of the cause. At the time of this determination by the court the Johnson heirs had not been dismissed from the cause, but were dismissed on October 13, when the formal judgment entry was made. However, the question of whether or not the road was open for public travel was a question of fact, and the plaintiff by his own testimony made a practical admission in regard to same.

We find no error in the judgment of the Court of Common Pleas prejudicial to the plaintiff in error.

*Judgment affirmed.*

CUSHING and HAMILTON, JJ., concur.